ACCEPTED
12-14-00198-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/3/2015 10:46:34 AM
CATHY LUSK
CLERK

# WM. M. HOUSE, JR., P.C.

## Attorney at Law

Office: (903) 723-2077     Fax: (903) 723-6323     Residence: (903) 723-4213

VIA CERTIFIED U.S. MAIL 7010 1670 0002 1295 1769

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

8/3/2015 10:46:34 AM

CATHY S. LUSK
Clerk

August 3, 2015

Mr. Anthony D. Purvis
01941467 Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

RE:    12th Court of Appeals Decision for Case No.     12-14-00198-CR
       Anderson County Trial Court Case No.     28141

Dear Mr. Purvis:

Enclosed is a copy of the decision from the 12th Court of Appeals regarding referenced case.

I am required to explain to you that the next step in the appeal process is the filing of a Petition for Discretionary Review. Should you decide to file your own Petition, it needs to be postmarked within 30 days of the date of the opinion from the 12th Court of Appeals. The Petition for Discretionary Review should be filed with the Texas Criminal Court of Appeals in Austin, and the address for that court is as follows:

Texas Criminal Court of Appeals
PO Box 12308
Austin TX 78711

Yours very truly,

Wm. M. House, Jr., P.C.
Attorney at Law

WMH:mj



Post Office Box 1486       800 North Church       Palestine, TX 75802-1486

BOARD CERTIFIED IN CRIMINAL LAW BY THE TEXAS BOARD OF LEGAL SPECIALIZATION

CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
BRIAN HOYLE
GREG NEELEY

**TWELFTH COURT OF APPEALS**

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

July 31, 2015

Mr. Douglas E. Lowe
District Attorney
Courthouse
500 North Church St.
Palestine, TX 75801
* DELIVERED VIA E-MAIL *

Mr. William M. House Jr.
800 North Church
Post Office Box 1486
Palestine, TX 75801
* DELIVERED VIA E-MAIL *

**RE:**  Case Number:  12-14-00198-CR
Trial Court Case Number:  28,141

**Style:**  Anthony Dorsett Purvis
v.
The State of Texas

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause.  Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
Katrina McClenny, Chief Deputy Clerk

CC:  Judge Mark A. Calhoon (DELIVERED VIA E-MAIL)
Hon. Mary L. Murphy (DELIVERED VIA E-MAIL)
Ms. Janice Staples (DELIVERED VIA E-MAIL)

# NO. 12-14-00198-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY DORSETT PURVIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Anthony Dorsett Purvis appeals his convictions for aggravated sexual assault of a child and indecency with a child. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

In 2005, Appellant was indicted on two counts of aggravated sexual assault of a child under fourteen and two counts of indecency with a child by sexual contact, for conduct alleged to have occurred in 2003. At the time of the indictment, Appellant was imprisoned on an unrelated conviction.

In 2012, Appellant pleaded "guilty" to the offenses in this case pursuant to a negotiated plea agreement. In accordance with the agreement, the trial court placed Appellant on deferred adjudication community supervision.

In May 2013, the State filed a motion to adjudicate Appellant's guilt, alleging that he failed to comply with the terms of his community supervision by using marijuana and failing to perform community service. The State also filed a motion to modify the terms of Appellant's community supervision. The trial court modified the terms of Appellant's community

supervision and overruled the motion to adjudicate his guilt. Specifically, in addition to the previous terms of his community supervision, the trial court ordered Appellant to serve thirty days of confinement in the Anderson County Jail, required him to report to his community supervision officer more frequently, and required him to participate in various drug rehabilitation programs.

In October 2013, the State filed another motion to adjudicate Appellant's guilt. In the motion, the State alleged that after three separate urinalysis tests over the course of three months, Appellant tested positive for marijuana in the first test, his urine was "diluted" in an effort to conceal drug use in the second test, and he tested positive for cocaine during the third test. The State also alleged that Appellant admitted use of cocaine and marijuana on three occasions subsequent to the urinalysis tests. Finally, the State alleged that Appellant failed to pay for the urinalysis drug tests, various community supervision fees, court costs, and fines.

Appellant pleaded "not true" to the allegations in the State's motion to adjudicate his guilt. At the hearing, Appellant's community supervision officers testified that Appellant tested positive for marijuana and cocaine in separate urinalysis tests, and that he admitted diluting the remaining test to avoid detection. The officers also testified that Appellant admitted using drugs after the urinalysis tests on three occasions. Appellant signed a written admission confirming his drug use on those occasions, which was admitted into evidence at the hearing.

Appellant testified that his marijuana use occurred prior to the court's modification of his community supervision terms, and that he did not attempt to dilute any of his urinalysis tests. However, he acknowledged that one of the tests showed he used cocaine, agreed that he signed the admission to drug use, and admitted he had a drug problem.

The trial court found the allegations concerning Appellant's drug use to be true, and the remaining allegations that he failed to pay various costs to be not true. The trial court granted the State's motion, found Appellant guilty of all four offenses, and revoked his community supervision. After a punishment hearing, the trial court sentenced Appellant to imprisonment for forty-five years on both aggravated sexual assault of a child counts, and twenty years on both indecency with a child counts, and ordered that all sentences run concurrently. This appeal followed.

2

<u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

<u>CONCLUSION</u>

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we *grant* his motion for leave to withdraw, and *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should

---

[1] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and no pro se brief has been filed.

comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 31, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2015

NO. 12-14-00198-CR

**ANTHONY DORSETT PURVIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 28,141)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*